BOARD OF MEDICAL EXAMINERS OF PUERTO RICO, Petitioner, *v.*
DISTRICT COURT, OF SAN JUAN, Respondent.

No. 1584.   Argued February 12, 1945.—Decided March 5, 1945.

*Jesús A. González, Acting Attorney General, Julio Suárez Garriga,
Assistant Attorney General,* and *Dubón & Ochoteco,* for peti-
tioner.   *Vicente Géigel Polanco* for intervener, appellant in the
main proceeding.

MR. JUSTICE SNYDER delivered the opinion of the court.

Act No. 26, Laws of P. R., 1942 (p. 396), reciting that
an emergency existed, authorized the Board of Medical Ex-
aminers "through the revalidation examination determined
by law" to issue "a provisional license to practice medicine
and surgery in Puerto Rico, in the branch of public char-
ities . . ."[1] to "Every physician graduated from a univer-
sity recognized by the Board of Medical Examiners of Puerto
Rico and who has actively practiced his profession in his
country for not less than five years . . ." who "may request
said board to issue him a license to practice his profession
in the municipal public charities of the Island . . ."[2] Such
licenses would expire "a year after the end of the present
war . . ."[3] And they "may be revoked by the same board

[1] Section 4.
[2] Section 2.
[3] Section 6.

when the interested physician voluntarily retires from the service of municipal charities . . . ".[4]

The preamble and §§ 1 and 2 indicate that the purpose of Act No. 26 was to enable Puerto Rico to utilize the services of foreigners who were willing to come here for the period of the emergency and who had all the qualifications for a permanent license except citizenship.

Pursuant to the said Act, a provisional license was issued to Gregorio Sicard Espinola by the Board. Thereafter, a proceeding was instituted by the Board to annul the said license. The Board held a hearing thereon, and revoked the license of Dr. Sicard. The latter thereupon filed a "notice of review and appeal" in the district court. The Board moved to dismiss the petition for review for lack of jurisdiction. The lower court overruled this motion. Deeming this question of jurisdiction to be one of public interest, we issued a writ of certiorari pursuant to Act No. 32 of 1943 to review the order of the district court.

Act No. 22, Laws of P. R., 1931 (p. 204), is a careful and comprehensive statute designed to regulate the practice of medicine in Puerto Rico through the Board of Medical Examiners created by that Act. Section 23 provides for a detailed procedure pursuant to which the Board is empowered to annul temporarily or permanently for certain specified causes the license of a physician to practice his profession. This Section concludes with a proviso that if the annulment or suspension be for more than one year it shall not be final "until a district court has reviewed and decided the case; and the interested person may appeal to said court within a period of thirty days."

The Board argues here that § 23 of Act No. 22 of 1931 covers only permanent and certain special licenses not relevant here and therefore does not apply to the facts of the instant case. Its position is that the emergency statute—

---

[4] Section 4.

Act No. 26 of 1942—is a special statute with a special purpose; that it covers completely and by itself all phases of provisional licenses for foreigners; and that it is neither complementary to nor is it complemented by Act No. 22 of 1931 or any other statute. And since no right of review of the action of the Board in revoking a provisional license is found in Act No. 26 itself, the district court was without jurisdiction herein. It cites in support of this theory, *Carreras* v. *Insular Police Commission,* 60 P.R.R. 536; *Carrero* v. *Diez & Pérez, Ltd.,* 27 P.R.R. 433; and *Rodríguez* v. *Workmen's Relief Commission,* 28 P.R.R. 596.

We assume, without deciding, that the Legislature could, if it chose, have omitted any provision for review herein by the district court. We therefore find no occasion for application of the cases cited by the Board. By the same token, we need not examine the cases cited by Dr. Sicard to sustain his theory that failure to provide for such a review would violate due process. This is because we are of the view that the Legislature intended that the provision for revocation of a temporary license found in § 4 of Act No. 26 of 1942 should be surrounded by the safeguards set forth in § 23 of Act No. 22 of 1931, including the right of review of the decision of the Board by the district court in cases where suspension was for more that one year.[5]

We cannot agree with the Board that Act No. 26 stands alone. On the contrary, its provisions on their face assume the existence of a basic statute setting up the Board and defining its powers. Act No. 26 expands the powers of the Board in order to confront an emergency. But Act No. 26 is predicated on the theory that Act No. 22, setting up a Board, defining its powers and duties, and determining its procedure, exists. For example, Act No. 26 provides for "examination as determined by law" of foreign physicians

---

[5] Since he would otherwise be entitled under § 6 of Act No. 26 to practice for a year after the present war ends, it is obvious that in the instant case Dr. Sicard is. being deprived of the right to practice for more than a year.

applying for a provisional license pursuant to Act No. 26. But what "law" provides for such examination? We are forced back to Act No. 22 for provision therefor. In the same way, we conclude, when the Legislature provided in Act No. 26 for revocation, it meant for the basic statute—Act No. 22—to supply the procedure therefor. And § 23 of Act No. 22 provides for review by the district court of action such as that taken by the Board in the instant case. It would seem that the Board itself, at least in the early stages of this matter, shared our view, for it took at its own hearing all the elaborate steps provided therefor in § 23 of Act No. 22 of 1931. The district court did not err in overruling the motion to dismiss for want of jurisdiction.

The writ of certiorari will be discharged.